178 P.2d 590

**AUGUST v. TILLIAN et al.**

No. 5004.

Supreme Court of New Mexico.
March 20, 1947.

John E. Perry, of Gallup, for appellants.
John R. Scanlon, of Gallup, for appellees.

LUJAN, Justice.

This is a suit between Edna August, widow of George August, and Mary Tillian and Charles Iskra, children of Rose August, a deceased former wife of George August, to determine whether real property deeded to George August and Rose August while married and paid for out of community earnings was community property, or whether Rose August became the owner of a half interest as her separate property. We will refer to the parties as they appeared in the trial court.

The plaintiff contends that it was community property while the defendants say Rose August took a one-half interest as her separate property and the other half was their community property. The trial court upheld the contention of the plaintiff.

The case was submitted to the trial court solely on the following stipulation, omitting the exhibits:

"1. That George August and Rose Iskra were married in the year 1912, and lived together as husband and wife until the death of Rose August. That at the time of said marriage, Rose Iskra had two minor children by a former marriage, who are the defendants and cross-complainants, Charles Iskra and Mary Tillian.

"2. Throughout their said marriage and at all times material herein, George August and Rose August worked and contributed their several earnings to the support of the community.

"3. That on March 31, 1928, a contract was entered into by George August and Rose August for purchase from Gallup Townsite Company, for a total price of One Thousand Dollars, payable in installments, of the real estate described in plaintiff's complaint.

"4. On May 15, 1928, a bill of sale was executed by one Joseph F. Brock, transferring to George August and Rosie August, his wife, of Gamerco, New Mexico, "one six-room frame house located on Lots 30 and 31, Block 2, Mapel Addition to the Town of Gallup, New Mexico.

"5. That on April 15, 1930, Gallup Townsite Company, a corporation, executed a warranty deed conveying to George August and Rose August, his wife, the real estate described in Plaintiff's Complaint, which deed was recorded on April 17, 1930, in Book 6 of Miscellaneous Records at Page 120 Thereof, Records of McKinley County, New Mexico. A copy of said deed is attached hereto and by this reference made a part of this stipulation.

"6. That said real estate and dwelling house described in said deed, contract and bill of sale were purchased and paid for from community funds of George and Rose August.

"7. That said Rose August died intestate on June 7, 1934, and there has been no administration of her estate, if she had any estate to probate.

"8. That on April 18, 1935, George August and the plaintiff in this action were lawfully married and lived together continuously until the death of George August.

"9. That on January 20, 1943, George August died intestate and there has been no administration upon his estate, if he had any estate to probate.

"10. On January 26, 1943, there was filed of record in the office of the Clerk Ex-Officio Recorder of McKinley County,

New Mexico, a quitclaim deed, wherein George August, husband of the plaintiff, conveyed to said plaintiff the real estate described in plaintiff's Complaint, which deed was executed under date of December 10, 1940, and acknowledged and delivered to the plaintiff by said George August on December 13, 1940.

". "11. The Parties do not stipulate at this time with regard to the net rents and profits which may have accrued from said real estate subsequent to December 13, 1940, but will endeavor to stipulate as to their amount in the event that the court determines that the defendants and cross-complainants are entitled to an accounting therefor."

Section 65-401, 1941 Code, reads:

"All other property acquired after marriage by either husband or wife, or both, is community property; but whenever any property is conveyed to a married woman by an instrument in writing the presumption is that title is thereby vested in her as her separate property. *And if the conveyance be to such married woman and to her husband, or to her and any other person, the presumption is that the married woman takes the part conveyed to her, as tenant in common unless a different intention is expressed in the instrument,* and the presumption in this section mentioned, is conclusive in favor of a purchaser or encumbrancer in good faith and for valuable consideration." (Emphasis ours)

This court has not passed upon this question, so we turn to the California cases from which state we took the statute. It is there held in Hogevoll v. Hogevoll, 59 Cal.App.2d 188, 138 P.2d 693, 694, and in Dunn v. Mullan, 211 Cal. 583, 296 P. 604, 77 A.L.R. 1015, that where a husband purchases real estate with his own or community funds, and has title conveyed to his wife, these facts themselves raise the presumption that he has made a gift to her.

There are many California cases holding that the use of community funds to purchase real estate, title to which is taken in the names of both husband and wife is not sufficient to rebut the statutory presumption that the wife takes title to one-half the real estate as her separate property, for in such case a gift of community funds to the wife is presumed. Alferitz v. Arrivillaga, 1904, 143 Cal. 646, 77 P. 657, 658, decided prior to enactment of the statute in New Mexico in 1907. Also see Fanning v. Green, 156 Cal. 279, 104 P. 308, 310; Killian v. Killian, 10 Cal.App. 312, 101 P. 806, 807, 808; and Dunn v. Mullan, supra.

The plaintiff has cited California cases where the presumption was overcome but such decisions are based on evidence. She also cites Falk v. Falk, 48 Cal.App.2d 762, 120 P.2d 714, that where the marriage relationship has existed over a long period, the presumption that property acquired by either spouse during marriage is entitled to

greater weight, but this was a case where the separate and community funds had been so intermingled that they could not be separated.

 It is the status of the property at the time of its acquisition that determines whether it is separate or community property. Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010; McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250.

 We find nothing in the stipulation to overcome the presumption established by statute that Rose August as a tenant in common took a one-half interest in the property as her separate estate or to question it, except the fact the property was paid for out of community earnings, and the California cases say this is not sufficient. We therefore, conclude that the decision of the district court was erroneous.

Prior to his death George August had conveyed his interest in the property to the plaintiff by quit claim deed, so the defendants are the owners of only an undivided three-eighths interest.

The judgment of the district court will be reversed and the case remanded to it with directions to require an accounting to the defendants for their share of the rents and profits, and to render judgment in accordance with this opinion, and it is so ordered.

BRICE, C. J., and SADLER and McGHEE, JJ., concur.