291 P.2d 636

Lewis M. OVERTON, Plaintiff-Appellee,

v.

Tom BENTON, d/b/a Tom Benton & Son, Contractors, Defendant-Appellant.

No. 5944.

Supreme Court of New Mexico.

Dec. 19, 1955.

Allen M. Tonkin, Joseph T. Cole, Jr., Albuquerque, for appellant.

Simms & Modrall, George T. Harris, Jr., Albuquerque, for appellee.

COMPTON, Chief Justice.

Appellee brought this action for damages as a result of the alleged negligent and defective construction of a residence sold to him, title to which was taken in Helen T. Overton, his wife. Issue was joined by a general denial. As a separate defense, it is alleged that appellee was not the real party in interest.

The cause was tried to the court, and after having overruled appellant's motion to dismiss, the court found that the property was the community property of appellee and his wife. The court then concluded that appellee as head of the community was the proper party to prosecute the action. Judgment was rendered according-

350

ly, and appellant brings this appeal for the review of alleged errors.

The appeal presents the single inquiry whether the property is community property or the separate property of the wife. Initially, appellee and his wife jointly negotiated with appellant for the purchase of the residence in question, then being constructed by appellant. When the time came to reduce the negotiations to writing, the contract was drawn between appellant and Helen T. Overton alone, the parties deeming it unnecessary for the husband to sign. When the residence was completed, appellant at the direction of appellee and his wife, executed and delivered a warranty deed conveying the title to the wife, Helen T. Overton.

■ Where the husband purchases real estate with his own or community funds and has the title conveyed to his wife alone, the presumption is that he has made a gift to her and that the property so conveyed is her separate estate. Brown v. Gurley, 58 N.M. 153, 267 P.2d 134; August v. Tillian, 51 N.M. 74, 178 P.2d 590. But the presumption arising therefrom is rebuttable. In re Trimble's Estate, 57 N.M. 51, 253 P.2d 805; Fulkerson v. Stiles, 156 Cal. 703, 105 P. 966, 26 L.R.A.,N.S., 181; De Boer v. De Boer, 111 Cal.App.2d 500, 244 P.2d 953; Nichols v. Mitchell, 32 Cal.2d 598, 197 P.2d 550; Geller v. Anolik, 127 Cal. App.2d 21, 273 P.2d 29.

■ The evidence is clear that the property was purchased from the community funds and that the husband did not make a gift to his wife. The trial court thus having determined a question of fact, its finding that the property was community property will not be disturbed upon appeal.

■ The pertinent statute, § 57–4–1, 1953 Comp., in part, reads:

"* * * whenever any real or personal property, or any interest therein or encumbrance thereon is acquired by a married woman by an instrument in writing the presumption is that title is thereby vested in her as her separate property. * * * The presumptions in this section mentioned, are conclusive in favor of any person dealing in good faith and for valuable consideration with such married woman * * *."

Appellant strongly argues that by dealing with the wife alone, the section conclusively establishes the property as her separate property. We do not agree. Prior to amendment, this section appeared as § 65–401, 1941 Comp., and the conclusive presumption related only to "purchaser or encumbrancer in good faith and for valuable consideration." By Chapter 191, Laws 1947, the section was amended to read: "any person dealing in good faith and for valuable consideration with such married woman". The provision, as amended, was

designed not only to protect purchasers and encumbrancers, but other persons acquiring an interest in property, in good faith and for value, from subsequent claims of such married woman, her husband, their heirs, representatives or assigns. Thus, recipiency of an interest in property by virtue of the dealings with the married woman, is essential to the application of the exclusive presumption provision; appellant is not in that class. See 10 Cal.Jur. 2d, Community Property, §§ 43 and 44.

Every action shall be prosecuted by the real party in interest except as otherwise provided by statute, § 21–1–1(17), 1953 Comp., Rule 17(a), our Rules of Civil Procedure. Having concluded, however, that the property was the community property of appellee and Helen T. Overton, it follows that appellee, as head of the community, was the real party in interest and the proper party to bring the action. State v. Barker, 51 N.M. 51, 178 P.2d 401; Reagan v. Dougherty, 40 N.M. 439, 62 P.2d 810. Also see Brown v. Gurley, supra.

Other questions urged for a reversal of the judgment have been considered and found without merit. The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE, and KIKER, JJ., concur.