[Civ. No. 9224.   Third Dist.   Nov. 13, 1957.]

P. W. RYAN, Respondent, v. RUTH A. SOUZA, Appellant.

Carl C. Kuchman and Roy B. Hibbitt for Appellant.

Francis P. Walsh, Henry Gross and James A. Himmel for Respondent.

WARNE, J. pro. tem.*—This is an appeal from a judgment declaring a lien on certain property of appellant in the amount of a judgment recovered against her former husband after the entry of the final decree of divorce.

On February 13, 1951, appellant was granted an interlocutory decree of divorce which approved a property settlement agreement pursuant to the terms of which her husband had deeded to her his interest in the property herein involved. The final decree of divorce was entered on March 11, 1952. Thereafter, on November 7, 1952, judgment in favor of respondent in the amount of $6,381.99 was rendered against appellant's former husband in an action in which he was served by publication and the subject property attached. Thereafter, a writ of execution which was issued was returned *nulla bona*. Respondent brought the present action to have a lien declared on the subject property in the amount of the unpaid judgment. From the judgment granting the relief sought appellant has appealed.

It appears from the record that, during the marriage of appellant and her former husband, he owned and operated a store in Carmichael, California, known as Frank's Feed Store.

*Assigned by Chairman of Judicial Council.

The evidence shows that at the time of the interlocutory decree of divorce appellant's former husband owed the Ralston Purina Company $6,381.99 for merchandise purchased for the store. The amount of the obligation is the same as the amount of the judgment respondent recovered in the prior action. After that judgment was rendered Ralston Purina Company received $765.84 on the account and respondent's counsel stipulated in open court that respondent's judgment could be reduced by that amount. Counsel for appellant did not join in the stipulation. So far as the record shows he remained silent. In the instant case plaintiff alleges in his complaint that on April 6, 1951, the Ralston Purina Company, for a valuable consideration, assigned to him the indebtedness of Frank Souza, doing business as Frank's Feed Store, and that he is now the owner and holder thereof. The answer denies this allegation. The trial court found, among other things, that the allegation is true.

We have searched the record and fail to find any evidence to support the trial court's finding that respondent is the assignee of Ralston Purina Company's claim against appellant's former husband. Respondent did not appear at the trial and although two witnesses of the Ralston Purina Company were called and testified for respondent, neither said a word about an assignment of the Ralston Purina Company's claim to respondent. The fact that respondent brought action against appellant's former husband for the exact amount of his indebtedness to the Ralston Purina Company and entitled that action "P. W. Ryan, Plaintiff, vs. Frank Souza, doing business as Frank's Feed Store, Defendant," and obtained a default judgment for said amount does not necessarily prove that it is one and the same claim. The judgment roll in the former case was not offered in evidence, although a certified copy of the default judgment is in evidence. The judgment makes no mention of any assignment of the claim. Therefore, so far as the record shows in the instant case, there is no evidence that the judgment arose out of a debt incurred during marriage, a fact which must be proved before a judgment creditor may have his judgment satisfied from property which was community property of appellant and her former husband. (*Frankel* v. *Boyd,* 106 Cal. 608, 615 [39 P. 939]; *Bank of America etc. Assn.* v. *Mantz,* 4 Cal.2d 322 [49 P.2d 279]; *Vest* v. *Superior Court,* 140 Cal.App.2d 91, 95 [294 P.2d 988].)

Even if it could be reasonably inferred that respond-

ent's judgment was based on a community debt, the judgment in the instant case could not be sustained, as it impresses a lien on appellant's property for the full amount of the judgment, whereas it should be limited to the amount of the equity appellant and her former husband had in the property while it was community, or at least what that equity was as of the date of the entry of the final decree of divorce. The rentals and the amount paid on the principal since the community nature of the property ceased cannot be subject to the lien. As of March 11, 1952, the date of the final decree of divorce, there was due and owing on this property, together with a piece of property referred to as the Carmichael property, the sum of $12,000, and those properties were subject to a deed of trust to secure said indebtedness. There is some evidence to show that the purchase price of the subject property was $12,000. There is no evidence to show that the property increased in value after appellant and her husband acquired it. To the contrary, there is evidence that appellant was unable to sell the property for the price of $12,000. The trial court should have found the value of appellant's equitable interest in the property as of the date of the final decree of divorce. Since the judgment must be reversed for the reasons heretofore stated, we do not deem it necessary to discuss the other points raised in the briefs.

The judgment is reversed.

Peek, Acting P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 5, 1957, and respondent's petition for a hearing by the Supreme Court was denied January 6, 1958.