[Civ. No. 22801.   First Dist., Div. Two.   May 25, 1966.]

DOLORES L. HARLEY, Plaintiff, Cross-defendant and Appellant, v. EARL B. WHITMORE, as Sheriff, etc., Defendant and Respondent; BLANCHE J. STILLER, Defendant, Cross-complainant and Respondent.

E. C. Mahoney for Plaintiff, Cross-defendant and Appellant.

No appearance for Defendant and Respondent.

Gerald R. Barrick for Defendant, Cross-complainant and Respondent.

SHOEMAKER, P. J.—This is an appeal from a judgment declaring plaintiff's declaration of homestead void, dissolving the temporary restraining order, and declaring that the execution sale of the subject property by defendant Stiller might proceed.

Plaintiff Dolores Harley, in this action for injunction and other relief, alleged that she was the owner of certain residential property in San Mateo County and was in possession of same; that she was married to defendant Robert Harley but had separated from him, and had commenced an action for divorce on October 18, 1962; that she and her minor son had thereafter continued to occupy the said premises and on December 21, 1962, she had filed with the Recorder of San Mateo County her declaration of homestead on said premises; that plaintiff had never abandoned or terminated said homestead and that the same was still in full force and effect; that title to the property homesteaded by her stood in the names of plaintiff and defendant Robert Harley, as joint tenants, but was actually community property; that on July 17, 1963, plaintiff obtained an interlocutory decree of divorce which awarded her said property and directed defendant Robert Harley to execute a deed conveying his interest therein to plaintiff; that he had ever since refused to execute such conveyance, although an order to show cause why he should not do so was still pending in the superior court; that on September 20, 1963, defendant Robert Harley allowed his mother, defendant Blanche Stiller, to take a default judgment against him; that plaintiff was also a defendant in said action but that it was never brought to trial against her; that on November 14, 1963, defendant Stiller, in her capacity as a

judgment creditor of defendant Robert Harley, caused a writ of execution to issue, and on November 18, 1963, the defendant Sheriff of San Mateo County levied said writ upon the premises homesteaded by plaintiff; that the Stiller judgment was not obtained in a case falling within the classes enumerated in Civil Code, section 1241, and that defendant Stiller had not applied to the superior court for the appointment of appraisers, as required under Civil Code, section 1245; that defendant sheriff had nevertheless advertised said property for sale on February 13, 1964, and unless enjoined, would proceed to sell such property to satisfy the Stiller judgment.

Plaintiff prayed for a temporary restraining order and a permanent injunction prohibiting defendants and their agents from causing the premises in question to be sold or offered for sale, and terminating the interest of defendant Robert Harley in said property.

Defendant sheriff answered, admitting the levy of a writ of execution upon the property and notice of sale thereunder. He alleged his acting in his official capacity and requested the court's instructions.

Defendant Robert Harley answered, admitting that he and plaintiff were married, that she had commenced an action for divorce, and that she and her minor son had continued to occupy the premises in question subsequent to the parties' separation. He denied the remaining allegations of the complaint.

Defendant Stiller also answered, admitting obtaining the judgment alleged and causing a writ of execution to be levied upon the property in controversy. She also admitted that the judgment in her favor was not obtained in a case falling within the classes enumerated in Civil Code, section 1241, and that she had not applied for the appointment of appraisers, as required under Civil Code, section 1245. She further admitted that plaintiff was the owner of the property in question but affirmatively alleged that plaintiff owned the property as a joint tenant with defendant Robert Harley. With regard to the remaining allegations of the complaint, defendant Stiller alleged that she was without sufficient information upon which to form a belief and on this basis denied all said allegations.

By way of cross-complaint, defendant Stiller alleged that on September 20, 1963, she had obtained a money judgment in the amount of $1,645.43 against defendant Robert Harley; that on September 26, 1963, an abstract of said judgment was filed with the Recorder of San Mateo County; that the declaration

of homestead filed by plaintiff did not comply with Civil Code, section 1263, in certain specified particulars, and she prayed for a judgment declaring that plaintiff's declaration of homestead was null and void and that cross-complainant was entitled to execute upon the property subject to such declaration.

In her answer to the cross-complaint, plaintiff denied that her husband had any interest in the property or that her declaration of homestead was invalid.

Prior to the commencement of the hearing, a show cause order which had been issued against Robert Harley in the divorce action was upheld by the District Court of Appeal,[1] and he executed a deed releasing his interest in said property to plaintiff. The instant action was then dismissed as against him.

At the trial, the deed from Robert Harley to plaintiff and the declaration of homestead recorded by plaintiff were admitted into evidence. No oral evidence was introduced, but counsel for defendant and cross-complainant Stiller stipulated that all of the allegations of the complaint were true except for the allegation that plaintiff's declaration of homestead was valid and the allegation that the property in controversy was owned by plaintiff only and was not the joint tenancy property of herself and Robert Harley. The case was submitted for decision upon this stipulation, the pleadings, the two documentary exhibits and the court records of the action brought by cross-complainant Stiller and the divorce action between plaintiff and Robert Harley.

The trial court found that on September 26, 1963, plaintiff and Robert Harley were the owners in joint tenancy of the property in controversy; that on December 21, 1962, plaintiff had recorded a declaration of homestead upon said premises, but that said declaration did not comply with Civil Code, section 1263, in that it failed to state her husband's name, failed to state that no former declaration had been made, and failed to state that the homestead declaration was for the benefit of herself and her husband; that by reason of these

[1]Robert Harley had petitioned the District Court of Appeal for a writ of prohibition commanding the trial court in the divorce action to desist from proceeding further in certain contempt proceedings arising from his failure to comply with an order for plaintiff's support. The appellate court rejected his contention that the California divorce decree could be collaterally attacked by a prior Nevada judgment of divorce and, on April 20, 1964, denied his petition. (*Harley* v. *Superior Court*, 226 Cal. App.2d 432 [38 Cal.Rptr. 72].)

omissions, no valid homestead was created; that cross-complainant Stiller was awarded a money judgment and on September 26, 1963, caused an abstract of said judgment to be recorded in San Mateo County; that cross-complainant also caused an execution to be issued. but that defendant sheriff was temporarily enjoined from selling the real property owned by plaintiff and her husband; that all of the facts alleged in the cross-complaint were true, except as to those items specified and modified, and that all of the facts alleged in the complaint were false, except as to those allegations which were not in conflict with the allegations of the cross-complaint.

The court concluded that on September 26, 1963, Robert Harley had an interest as a joint tenant with plaintiff in the property subject of the action; that the declaration of homestead previously recorded by plaintiff was void; that the abstract of judgment which cross-complainant caused to be recorded on September 26, 1963, constituted a valid lien upon Robert Harley's interest in the subject property.

Plaintiff contends that the court erred in three particulars: (1) in finding that her declaration of homestead was invalid; (2) in finding that Robert Harley had any interest in the property in question on September 26, 1963; and (3) in declaring that cross-complainant Stiller, who was not a bona fide creditor of Robert Harley, might cause the property to be sold under a writ of execution.

The answer to plaintiff's first contention is found in the following provisions of the Civil Code.

Section 1263 provides in pertinent part that "The declaration of homestead must contain: 1. A statement showing that the person making it is the head of a family, and if the claimant is married, the name of the spouse; or, when the declaration is made by the wife, showing that her husband has not made such declaration and that she therefore makes the declaration for their joint benefit . . ."

Section 1261 provides in part that "The phrase 'head of a family,' as used in this title, includes within its meaning: 1. The husband, when the claimant is a married person. 2. Every person who has residing on the premises with him or her, and under his or her care and maintenance, either: (a) His or her minor child . . ."

Section 1266 provides that "Any person other than the head of a family, in the selection of a homestead, must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a 'declaration of homestead.' "

Plaintiff's declaration of homestead stated that she was the head of a family; that she was married; that her minor son was residing with her and under her care and maintenance on the premises sought to be homesteaded; that her family consisted of her son and herself; and that no former declaration of homestead had been made.

Plaintiff tacitly concedes that her declaration did not fulfill the statutory requirements applicable to a declaration filed by a wife. ▮ It is well established that a wife's declaration which fails to state that her husband has not made a prior declaration of homestead and that she is doing so for their joint benefit is fatally defective. (*Strangman* v. *Duke* (1956) 140 Cal.App.2d 185, 189 [295 P.2d 12]; *Schuler-Knox Co.* v. *Smith* (1943) 62 Cal.App.2d 86, 98 [144 P.2d 47].)

▮ It is true that a homestead declaration should be liberally construed and that a wife's failure to expressly state that the homestead is for the joint benefit of herself and her husband does not invalidate a declaration which complies with all the other requirements of section 1263 and which contains statements clearly implying that the wife is acting for her husband as well as herself. (*Johnson* v. *Brauner* (1955) 131 Cal.App.2d 713 [281 P.2d 50].)

However, the statements of plaintiff's declaration not only fail to imply that she was acting for the joint benefit of herself and her husband but, to the contrary, clearly negate any such inference. Although plaintiff did state that she was married, she did not give her husband's name and described herself as the head of a family consisting solely of herself and her minor son. By omitting her husband's name and failing to list him as a member of the family to be benefited by the homestead, plaintiff indicated that she was not acting on his behalf but only on behalf of herself and her son. Although her declaration did contain a blanket statement to the effect that no former declaration had been made, it is not clear whether plaintiff was undertaking to speak for herself alone or for her husband as well. In view of the overall tenor of the declaration, it would appear most reasonable to assume that plaintiff was not speaking for her husband, to whom no prior reference had been made, and that her declaration thus failed to state that her husband had not made a former declaration of homestead.

Plaintiff argues that since she was separated from her husband when the declaration was made, had filed a complaint for divorce and had obtained from the court in which said action

was pending an order awarding her temporary custody of her minor son and temporary possession of the family home, she was not required to file a homestead declaration for the joint benefit of herself and her husband, but was entitled to file such declaration in her own right as the head of a family. She also asserts for the first time in her reply brief that if she did not qualify as the head of a family, her declaration should be deemed to have been made under section 1266, by "[a]ny person other than the head of a family."

Plaintiff's contention that she qualified as the head of a family is obviously without merit, since section 1261 expressly provides that when the homestead claimant is married, the husband is the head of the family. Since plaintiff had obtained neither an interlocutory nor a final decree of divorce when her declaration was made, she was not the head of a family and had no alternative but to file the type of declaration required of a wife under section 1263.

Plaintiff's belated claim that she was entitled to declare a homestead as a "person other than the head of a family" rather than as a wife is similarly untenable. *McGaffey* v. *Sudowitz* (1961) 189 Cal.App.2d 215 [10 Cal.Rptr. 862], upon which she relies, is readily distinguishable, since in that case, the homestead declaration which was held to be valid under section 1266 was filed by a wife who had first obtained an interlocutory decree of divorce awarding her the property subject of the homestead. The court concluded that she could not have filed a wife's declaration, under section 1263, unless she claimed the homestead for the benefit of her husband and herself and thereby surrendered the property rights granted her by the divorce decree. The court went on to hold that the homestead legislation, when properly construed, required a wife to file on behalf of the family only during coverture and that after the entry of an interlocutory decree of divorce, she assumed, for homestead purposes, the status of a single person. In the instant case, plaintiff obviously had not assumed such status at the time her declaration was filed.

Although neither side has made any mention of the fact, certain 1959 statutes pertaining to a married person's separate homestead make it abundantly clear that a husband or wife who merely separates from his or her spouse and files a complaint for divorce does not thereby obtain the right to declare a homestead in a manner other than that specified in section 1263.

Civil Code, section 1300, provides that following the entry of a decree of separate maintenance or an interlocutory decree of divorce, each spouse may declare a married person's separate homestead from his or her separate property or from property awarded to him or her by such decree. Section 1301 specifically requires that there be included in the declaration a statement that there is in existence a decree of separate maintenance or an interlocutory decree of divorce between the declarant and his or her spouse. Section 1302 provides that a married person declaring such a separate homestead may qualify as the head of a family and receive an exemption on that basis if the declarant has residing with him or her and under his or her care and maintenance a minor child or one or more of the other persons enumerated in section 1261.

■ These sections establish that a married person cannot declare a homestead in a manner other than that specified in section 1263 unless a decree of separate maintenance or an interlocutory decree of divorce has been entered and the spouse makes the homestead declaration either upon property which is his or her separate property or which was awarded to him or her by such decree. ■ In the instant case, plaintiff's declaration of homestead was made at a time when she had not yet obtained a decree of separate maintenance or an interlocutory decree of divorce. In addition, her declaration was made upon property which stood in the names of herself and her husband and which had not yet been awarded to her. It follows that said declaration did not entitle her to a married person's homestead as the head of a family or otherwise. Since she also failed to comply with the applicable requirements of section 1263, the trial court was correct in finding that her declaration of homestead was invalid.

Plaintiff claims that the trial court erred in finding that her husband had any interest in the property in question on September 26, 1963, when cross-complainant Stiller's abstract of judgment was recorded. Plaintiff properly points out that the interlocutory decree of divorce was entered on July 18, 1963, and that the Stiller judgment was not entered until September 20, 1963. She asserts that since the interlocutory decree purported to make an immediate division of the community property and awarded the property subject of this action to her, it effectively divested her husband, and all creditors claiming through him, of any interest in the property.

Cross-complainant Stiller attempts to meet this argument by asserting that the divorce court ought not to have made an

immediate disposition of property in the interlocutory decree and that such disposition cannot be held to have become effective until the entry of the final decree. Since the final decree was not entered until after the Stiller judgment had been entered and the abstract of such judgment recorded, she asserts that plaintiff took the property subject to the lien of that judgment.

An examination of the record in the divorce action reveals that the interlocutory decree, which was rendered on July 17, 1963, and entered on July 18, 1963, did undertake to make an immediate disposition of the property subject to this action. The court found such property to be community property (as alleged by plaintiff and admitted by her husband), awarded it to plaintiff and directed that the parties should execute forthwith whatever documents were necessary to carry out the award. ■ Although cross-complainant Stiller is correct in asserting that an interlocutory decree of divorce should not purport to make an immediate disposition of property (*Gudelj* v. *Gudelj* (1953) 41 Cal.2d 202, 214 [259 P.2d 656]), it is settled that a divorce court does have jurisdiction to render such a decree and that if it does so and said decree is not appealed and becomes final, it is a conclusive adjudication and is res judicata with respect to awards of community property. (*Leupe* v. *Leupe* (1942) 21 Cal.2d 145, 147-150 [130 P.2d 697]; *Darter* v. *Magnussen* (1959) 172 Cal.App.2d 714, 717-718 [342 P.2d 528].)

■ Plaintiff's husband did not appeal from the interlocutory decree of divorce, and the same had already become final and conclusive prior to the entry of the Stiller judgment. Under such circumstances, the trial court erred in finding that on September 26, 1963, plaintiff and her husband were the owners in joint tenancy of the property in controversy. The interlocutory decree awarding said property to plaintiff was res judicata and clearly divested her husband of all interest therein. Although cross-complainant Stiller places some reliance upon the fact that plaintiff's husband initially refused to comply with the divorce court's directive that he immediately execute whatever documents were necessary to carry out the property award, his failure to comply with the lawful mandate of said court could not place him, or a creditor claiming through him, in any better position.

Although the trial court did not reach this question, it must be noted that cross-complainant Stiller's right to execute upon the property in controversy is not necessarily incompatible

with the existence of the interlocutory decree which finally adjudicated that said property was awarded to plaintiff.

■ Where community property is divided under a divorce decree, the former husband and wife each take the part awarded subject to prior liens and to community debts not reduced to liens. (*Mayberry* v. *Whittier* (1904) 144 Cal. 322, 325 [78 P. 16]; *Greene* v. *Wilson* (1962) 208 Cal.App.2d 852, 856 [25 Cal.Rptr. 630].) In the instant case, the Stiller judgment did not constitute a prior lien upon the property awarded to plaintiff. Hence Stiller would not be entitled to execute upon said property unless her judgment against plaintiff's husband was for a community debt.

■ The phrase "community debts" is not defined either by statute or decision in this state. (See *Wilson* v. *Wilson* (1948) 33 Cal.2d 107, 110-111 [199 P.2d 671].) However, it has been held that under the California system, the liability of community property is not limited to debts incurred " ' "for the material benefit of the community" ' " and that the phrase "community debts," if so defined, is not appropriate in this state. (*Grolemund* v. *Cafferata* (1941) 17 Cal.2d 679, 688 [111 P.2d 641].) When the phrase is used to denote those debts which are enforceable against community property which has been awarded to a former wife under a divorce decree, it would appear to encompass all debts which the husband incurred during marriage. (*Vest* v. *Superior Court* (1956) 140 Cal.App.2d 91, 95 [294 P.2d 988]; *Ryan* v. *Souza* (1957) 155 Cal.App.2d 213, 215 [317 P.2d 655].)

■ The record of the action which cross-complainant Stiller brought against plaintiff's husband shows that the judgment therein was based upon a promissory note which he had executed on June 15, 1960, as security for a personal loan in the amount of $2,000. The judgment was in the total amount of $1,645.43 and consisted of the unpaid principal due under the note; interest on said sum from the date of demand; attorney's fees, as provided for in the note; and costs.

Since the record in the divorce action reveals that plaintiff and her husband were married on October 28, 1952, it is apparent that the Stiller judgment was for a debt which he incurred during marriage. Under these circumstances, the Stiller judgment constitutes a lien against the property subject of this action to the extent that said judgment does not exceed the equity which plaintiff and her husband had in the property on the date the interlocutory decree of divorce was entered. (See *Ryan* v. *Souza, supra,* at pp. 215-216.)

Plaintiff's third and final contention that cross-complainant Stiller was not a bona fide creditor of Robert Harley is based upon the bald assertion that he allowed the default judgment to be rendered against him in order ''to help his mother collect a debt'' by executing upon plaintiff's home. It suffices to point out that since plaintiff offered no evidence on this point, the record furnishes no support whatever for a finding that plaintiff's husband was not acting in good faith.

The trial court is directed to strike its finding that on September 26, 1963, plaintiff and Robert Harley were the owners in joint tenancy of the property subject of this action, and in place thereof to find that on September 26, 1963, the property subject of this action was plaintiff's separate property; further, that the trial court modify its judgment to provide that cross-complainant Stiller may satisfy her judgment by execution sale of said property only to the extent that her judgment does not exceed the equity which plaintiff and Robert Harley had in the property on July 18, 1963. The judgment, as so modified, is affirmed.

Agee, J., and Taylor, J., concurred.