UNITED STATES of America, Plaintiff-Appellant and Cross-Appellee,

v.

Jack W. WOODARD et al., Defendants,

Dorothy M. Woodard, Defendant-Appellee and Cross-Appellant.

Nos. 242–70, 243–70.

United States Court of Appeals, Tenth Circuit.

June 30, 1971.

Karl Schmeidler, Atty., Tax Div., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., and Meyer Rothwacks and Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, and Victor R. Ortega, U. S. Atty., of counsel, on the brief), for plaintiff-appellant and cross-appellee.

Towner Leeper, El Paso, Tex., for Dorothy M. Woodard, defendant-appellee and cross-appellant.

No appearances for other defendants.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

BREITENSTEIN, Circuit Judge.

These appeals arise out of an action brought by the United States to foreclose federal excise tax liens against real and personal property of Jack W. Woodard, individually, and against Jack Woodard and Company, a limited partnership. A complicated judgment was entered. The United States appeals from portions thereof relating to Western Oil Company and the Monahans property. Dorothy Woodard, the former wife of Jack Woodard, is the only defendant participating in the appeals. She opposes the positions of the government on its appeals, and, on her own behalf, appeals from the part of the judgment relating to her interest in Western Oil.

Jack and Dorothy had marital troubles. On December 9, 1960, and in anticipation of their divorce, they made a property settlement dividing their community property interests, including such interest in Western Oil and Monahans, on the basis of 60% of the value to Jack and 40% of the value to Dorothy. On the same day they formed a limited partnership in which they placed all of the community property described in the property settlement. Jack was the general partner and was entitled to receive 60% of the partnership profits.

The other 40% went to Dorothy who was the limited partner. Forty percent of the value of any property acquired with partnership funds was to be credited as a further contribution to the capital account of the limited partner. On January 10, 1961, the District Court of Dona Ana County, New Mexico, entered a divorce decree and approved the property settlement.

On June 22, 1962, a delegate of the Secretary of the Treasury assessed an excise tax liability against Jack in the amount of $122,354.83, including penalties and interest, for the taxable periods between April 1, 1959, and December 31, 1960. Notices of tax lien were filed in a number of counties in New Mexico, Arizona, and Texas. Later, similar assessments were made against the limited partnership. Unimportant adjustments, payments, and credits were made. The United States then sued to foreclose and secure deficiency judgments. Disputes over the district court's treatment of various interests and payments caused these appeals.

We first consider the Monahans property. As the result of transactions of no pertinence here, Phillips Petroleum Company on June 20, 1963, paid the Internal Revenue Service $13,000 for the release of federal tax liens on Monahans. The I.R.S. credited approximately two-thirds of this to Jack's individual tax liability and the remainder to the tax liability of the limited partnership. In the district court proceedings the government claimed that the entire amount should have been allocated to Jack's individual liability. The district court held that Monahans was in the limited partnership and that the entire $13,000 should be credited to its liability.

The government relies on a chain of title which indicates that title to Monahans was in Jack individually. Jack, Dorothy, and their accountant all testified that Monahans was in the limited partnership. On the basis of the record we are unwilling to accept the chain of

title as conclusive. It was a factor for the trial court to consider. The finding of the trial court which placed the property in the limited partnership is supported by substantial evidence, is not clearly erroneous, and will not be disturbed.

 Next, we turn to Western Oil Company. This is a partnership created by a 1952 agreement between Jesse W. Williams and Jack W. Woodard. The wife of each joined in the agreement. The interests of Williams and Woodard were equal. The one-half held by Jack was community property and was transferred to the limited partnership which was created in conjunction with the settlement agreement between Jack and Dorothy. The government contended that Dorothy's interest in Western Oil was subject not only to the partnership tax liability but also to Jack's individual liability incurred during the former marital community. The district court held that Dorothy's interest in Western Oil was subject to the tax liability of the limited partnership but not to Jack's individual, pre-divorce liability.

Dorothy argues that the question posed by the government was not within the issues tried below. We are not persuaded. The findings, conclusions, and judgment convince us that the district court considered and disposed of the question.

The tax lien statute, 26 U.S.C. § 6321 "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 and City of New York v. United States, 2 Cir., 283 F.2d 829, 831. Accordingly, we must apply New Mexico law.

The first assessment under § 6321 came more than 18 months after the creation of the limited partnership and more than 17 months after the divorce. The government does not claim that any taxes are due from Dorothy individually. Instead, it seeks to subject Dorothy to a tax for which Jack is personally liable.

The authorities cited by the government are not conclusive. Denton v. Fireman's Fund Insurance Company, 10 Cir., 357 F.2d 747, presented the question of whether a judgment creditor of the husband could enforce the judgment against community property even though the transactions on which the judgment was based did not benefit the community. The parties were still married and the court applied the New Mexico rule that the community property is liable for the husband's debts. In the case at bar there was no community property at the time of the levy.

In Malcolm v. Malcolm, 75 N.M. 566, 408 P.2d 143, a creditor intervened in the divorce proceedings to establish a community debt. The court upheld the intervention and allowed recovery on the debt from the community property. In Greathouse v. Greathouse, 64 N.M. 21, 322 P.2d 1075, another divorce case, the court said that parties to a divorce action might bring in third parties who claim an interest in the community property, or the third parties themselves might intervene and have their rights established. This procedure was not followed in the instant case. The government was not brought into the divorce proceedings and it did not intervene.

The government urges that when the New Mexico courts have not passed upon a community property problem, they turn for guidance to California decisions. See August v. Tillian, 51 N.M. 74, 178 P.2d 590, 591. In Harley v. Whitmore, 242 Cal.App.2d 461, 51 Cal.Rptr. 468, 475, the court held that property awarded to the wife in an interlocutory divorce decree was subject to a judgment for a debt incurred by the husband during the marriage. So far as we can ascertain there is no New Mexico decision on this point but in Harper v. Harper, 54 N.M. 194, 217 P.2d 857, 858, it was held that, upon a division of community property incident to divorce, "what was theretofore community property becomes henceforth the separate property of the respective spouses." In the case before us the levy

was made long after the community was ended and Dorothy's share established.

We do not know whether New Mexico would accept the California decision in Harley v. Whitmore, would reject it, or would distinguish it from Harper v. Harper. As we have repeatedly said, when state law is to be applied and there are no state decisions in point, we defer to the judgment of the federal district court of the state as to what the state courts would decide, unless we are convinced that the federal district court is clearly wrong. Caribou Four Corners, Inc. v. Truck Insurance Exchange, 10 Cir., 443 F.2d 796, and Stephen Industries, Inc. v. Haskins and Sells, 10 Cir., 438 F.2d 357, 359. In the case at bar we are not so convinced. The New Mexico divorce court approved the property settlement "in all respects." This was a final determination of the rights of Jack and Dorothy in the community property and was made many months before the levy. In the circumstances, we accept the decision of the federal district court that Dorothy's interest in Western Oil was not subject to Jack's individual liability incurred during the former marital community.

On her appeal Dorothy asserts that her interest in Western Oil cannot be charged with the tax liability of the limited partership. The basis of the argument is the claim that she was a general partner in Western Oil and that under New Mexico law she could not convey specific partnership property. The ready answer is that on substantial evidence the district court found that Dorothy was not and never had been a general partner in the Western Oil partnership. Dorothy had a community property interest in Western Oil and that interest was transferred to the limited partnership. Accordingly, it is subject to the tax liability of the limited partnership.

In each appeal the judgment is affirmed.