In re William A. McDONELL, Joyce McDonell, Debtors.

FORD CONSUMER FINANCE COMPANY, INC., a New York corporation, Appellant,

v.

William A. McDONELL, Joyce McDonell, Debtors, Elmer J. Ferguson (deceased), by Bonnie Bowman, Successor in interest to the Estate of Elmer J. Ferguson, and all persons unknown, claiming any legal or equitable right, in the estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's Title or any cloud on Plaintiff's Title therein, and Does 1 through 10, inclusive, Appellees.

BAP No. CC–96–1091–JRuMe.
Bankruptcy No. LA 95–14125 LF.
Adv. No. LA 95–02498 LF.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 23, 1996.

Decided Dec. 31, 1996.

Jennifer L. King, Greines, Martin, Stein & Richland, Beverly Hills, CA, for Ford Consumer Finance Company, Inc.

Einar Wm. Johnson, Torrance, CA, for Bonnie Bowman.

Before: JONES, D. RUSSELL [1], and MEYERS, Bankruptcy Judges.

### OPINION

JONES, Bankruptcy Judge:

Bonnie Bowman's ("Bowman") predecessor obtained and recorded a certified copy of a federal judgment against the debtor in California. Several years later, Creditor Ford Consumer Finance Company's ("Ford") predecessor extended credit to the same debtor and secured payment by taking an alleged first deed of trust on debtor's California property. After the debtor defaulted on Ford's loan and then filed for bankruptcy, the bankruptcy court granted Bowman's motion for summary judgment and concluded that Bowman's recording of a certified copy

of her federal judgment created a valid lien on the debtor's California property, which lien was senior in priority to Ford's subsequently obtained lien interest. **WE AFFIRM.**

### I. FACTS

William A. and Joyce McDonell ("Debtors") owned real property commonly know as 512 Santiago Avenue, Long Beach, California 90814. On May 21, 1974, Bonnie Bowman's predecessor obtained a judgment against debtor William A. McDonell in the United States District Court of Nevada. On May 18, 1984, Bowman filed a certified copy of the judgment in the United States District Court for the Central District of California and then recorded a certified copy of the judgment with the Los Angeles county recorder. On both May 18, 1984, and on April 26, 1994, Bowman filed applications for renewal of judgment with the United States District Court for the Central District of California and recorded these applications with the Los Angeles county recorder. As of April 25, 1994, the amount owing on the 1974 judgment was $383,286.75.

On or about October 1, 1991, the Debtors borrowed $250,000.00 from Ford Consumer Finance Company's predecessor who secured the loan by a first deed of trust on Debtors' Long Beach property. Debtors later defaulted on the loan and then on February 16, 1995, filed for relief under chapter 7 [2]. Ford then filed an adversary complaint seeking, among other things, a determination that its lien was senior to Bowman's claimed judgment lien. Ford was unsuccessful as the bankruptcy court granted Bowman's Motion for Summary Judgment on this issue. Ford now appeals.

### II. ISSUE

Whether Appellee Bowman's recordation of a certified copy of a federal court judgment, as opposed to an abstract of judgment, created a valid judgment lien on Debtor's

---

1. The Honorable David E. Russell, Chief Bankruptcy Judge from the Eastern District of California, sitting by designation.

2. Unless otherwise indicated, all references to Chapters are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

real property pursuant to California Code of Civil Procedure § 697.060[3].

## III. STANDARD OF REVIEW

As there are no controverted issues of fact, we review the bankruptcy court's order granting summary judgment de novo. *In re Giangrasso,* 145 B.R. 319, 321 (9th Cir. BAP 1992); *In re Aubrey,* 111 B.R. 268, 272 (9th Cir. BAP 1990).

## IV. DISCUSSION

### A. Interplay Between §§ 697.310 and 697.060

■ Section 697.310(a) of the California Code of Civil Procedure provides general direction concerning the creation and duration of judgment liens on real property. Section 697.310(a) states, "[e]xcept as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder...." Cal.Civ.Proc. Code § 697.310(a) (West 1995). It is uncontroverted that in order for certain state court judgments to create a lien on real property, an abstract of that judgment must be recorded. *Id.; Kinney v. Vallentyne,* 15 Cal.3d 475, 124 Cal.Rptr. 897, 541 P.2d 537, 538 (1975). However, because § 697.310(a) is prefaced by the language "[e]xcept as otherwise provided by statute," the California legislature opened the door for something other than the recording of an abstract of judgment to create a valid lien. We recognize that §§ 697.320(a) and 697.330(a)(2), for example, fall under this exception by permitting the recordation of a certified copy of a money judgment to create a lien when the judgment is for family or spousal support, a judgment against a health care provider, or a workers' compensation judgment payable in installments.

As the issue before the panel is whether § 697.060(a) falls under this exception by allowing a certified copy of a federal judgment, as opposed to an abstract of judgment, to create a judgment lien, we will examine the specific language of § 697.060(a). Section 697.060(a) is entitled "Creation of judg-

ment liens" and provides that, "[a]n abstract or certified copy of a money judgment of a court of the United States that is enforceable in this state may be recorded to create a judgment lien on real property pursuant to Article 2 (commencing with Section 697.310)." Cal.Civ.Proc.Code § 697.060(a) (West 1995).

■ In interpreting § 697.060(a), the applicable principles of statutory construction are well established. California law provides that "the plain language of a statute proscribes its interpretation by the courts." *City of Moorpark v. Superior Court,* 49 C.A.4th 973, 57 Cal.Rptr.2d 156, 160 (1996), *review granted,* 59 Cal.Rptr.2d 1, 926 P.2d 968 (Cal.1996). "To determine what a statute means, 'we first consult the words themselves, giving them their usual and ordinary meaning.'" *Id.* When the language of the statute is clear and unambiguous, there is no need for construction. *Id.*

■ As there is no apparent ambiguity in the plain language of the statute, we assume that the California legislature meant what it said when explicitly providing that the recording of a "certified copy" of a federal judgment will "create a judgment lien on real property." § 697.060(a). Accordingly, when § 697.060(a) states that its provisions are "pursuant to Article 2 (commencing with Section 697.310)," it seems clear that the applicable part of § 697.310 is the "except as otherwise provided" language. In short, Appellee asserts, and we agree, that § 697.060(a) is yet another section that is an exception from § 697.310's rule requiring a filing of an abstract to create a judgment lien. Although Appellant Ford asserts that the legislative history of § 697.310 shows no intent that the "[e]xcept as otherwise provided" language apply to § 697.060, we are compelled to follow the plain language of the statutes which naturally suggest otherwise.

### B. Legislative Background

Section 697.060 was enacted in 1982 in response to the California Law Revision Commission's recommendation to overhaul

---

**3.** Unless otherwise indicated, all references to Sections are to the California Code of Civil Pro-

cedure, §§ 697.010, *et seq.*

California's statutory scheme for enforcing judgments. *Kahn v. Berman,* 198 C.A.3d 1499, 244 Cal.Rptr. 575, 577 (1988); California Law Revision Commission, Enforcement of Judgments Recommendation Report 15, at 2005–2021 (1980). In its 1982 Enforcement of Judgments Recommendation Report, the Revision Commission recommended that the existing provisions relating to the enforcement of money judgments contained in § 674, the predecessor to § 697.310, "continue[ ] the substance of existing law except that the misleading language pertaining to judgments of federal courts is eliminated." California Law Revision Commission, Enforcement of Judgments Recommendation Report 16, at 1041–1042 (1982). In clarification of this statement, the Revision Commission added footnote fifty-eight which explained:

A federal money judgment may be recorded to create a judgment lien pursuant to federal law if it is rendered in California or is registered in a federal court sitting in California. 28 U.S.C. §§ 1962 (judgment lien of federal judgment), 1963 (registration of judgment of one federal district court in another district). The new law makes clear that an abstract or certified copy of a federal judgment enforceable in this state may be recorded to create a judgment lien on real property.

*Id.* at 1042. This legislative comment is consistent with the explicit language of § 697.060(a) and reflects a clear legislative intent to allow the creation of a lien by recording a certified copy of a federal judgment. Further, the fact that the California legislature enacted a separate code section, § 697.060, to exclusively deal with federal judgments suggests that the legislature paid special attention to the manner in which federal judgments must be filed in order to create a lien.

Appellant goes to great lengths to argue that if §§ 697.060(a) and 697.310 are read to permit the creation of a lien by the filing of a certified copy of a federal judgment, this would be a substantial change from prior law. Appellant argues that the absence of any legislative commentary regarding this alleged change evidences the fact that the legislature did not intend such a change. This argument relies on what the legislature did not say. We, however, will rely on what the legislature did say, when it explicitly allowed a "certified copy" of a federal judgment "to create a judgment lien on real property." § 697.060(a). Several commentators have agreed with this conclusion:

3. [6:173] **Creation of Judgment Lien:** A judgment lien on real property is created under a money judgment by *recording an abstract* (or, in some cases, *certified copy* ) of the judgment in the office of the county recorder of the county where the real property is located (below). [CCP § 697.310(a); (cases omitted) ]

a. [6:174] **Applicable to federal money judgments:** A judgment lien may be created to enforce a federal money judgment by recording an abstract (or certified copy) of the judgment, provided the judgment is enforceable in California—i.e., has been entered or registered in a California federal district court. [CCP § 697.060(a); 28 USC § 1962; *In re Bossche* (ND CA 1991) 125 B.R. 571] And, the abstract (or certified copy) may be recorded notwithstanding the FRCP 62(a) 10-day automatic stay on enforcing judgments.

Alan M. Ahart, *California Practice Guide: Enforcing Judgments and Debts,* 6:173–74 at 6B–6 (1996) (emphasis in original). Consistent with the obvious meaning of the statute, *Ogden's Revised California Real Property Law* also noted that "[e]ffective July 1, 1983, CCP § 697.060 replaced CCP § 674 as authority for the proposition that a judgment of a United States court can serve as the basis of a judgment lien. It is established as a lien on real property by recording an abstract or certified copy." 2 Edgar B. Washburn, *Ogden's Revised California Real Property Law,* § 19.10 at 37 (Donald R. Briggs ed. Supp. 1987).

█ As the plain language of the statute indicates, and as the legislative commentary and the above two treatises confirm, a properly filed certified copy of a federal judgment will create a judgment lien on real property pursuant to § 697.060(a).

The Appellant contests this position and cites 28 U.S.C. § 1962 for the proposition that federal judgments should create liens on

property "in the same manner, to the same extent and under the same conditions" as state court judgments. Appellant asserts that § 697.060(a)'s direct reference to the use of federal judgments "pursuant to Article 2 (commencing with section 697.310)" is a clear indication of the legislature's intent to comply with 28 U.S.C. § 1962 and provide parallel schemes for state and federal court judgments. Therefore, Appellant reasons, as § 697.310 requires that an abstract of judgment be filed for most California state court judgments, an abstract of federal judgments must also be filed in order for them to create liens "in the same manner, to the same extent and under the same conditions" as their state court counterparts. 28 U.S.C. § 1962 (1992). This argument breaks down, however, in light of the fact that California law has adopted two distinct methods for state court judgments to create liens on real property. Some judgments, such as those regarding family or spousal support, health care providers or certain workers' compensation judgments, can be recorded by filing a certified copy, whereas an abstract of judgment must be filed for other types of state court judgments. *See* §§ 697.320(a), 697.330(a)(2) and 697.310.

■ The main purpose of 28 U.S.C. § 1962 is merely to conform with congressional policy that execution of federal judgments be done according to state law. *United States v. Hodes,* 355 F.2d 746, 749 (2nd Cir.1966), *cert. granted,* 384 U.S. 968, 86 S.Ct. 1858, 16 L.Ed.2d 680 (1966), *cert. dismissed,* 386 U.S. 901, 87 S.Ct. 784, 17 L.Ed.2d 779 (1967); *Hamilton Steel Prods., Inc. v. Yorke,* 376 F.2d 463, 465 (7th. Cir. 1967) (holding that "[s]ection 1962 of the Judicial Code provides that every judgment rendered by a District Court within a State shall be a lien on the property in that State as provided by the law of the State."). Section 697.060(a) is California state law and it explicitly permits the recording of a certified copy, as opposed to an abstract, of a federal judgment to create a lien on California real property. The statute conforms with 28 U.S.C. § 1962 by providing that federal judgments become liens according to state law. In addition, because certified copies of certain state court judgments will create liens on California real property, federal judg-

ments create liens on property in the "same manner, to the same extent and under the same conditions" as many state court judgments." 28 U.S.C. § 1962.

We will not attempt to interpret away the clear language of § 697.060(a) in favor of an ambiguity that does not exist. We will let the plain meaning of § 697.060(a) govern. Accordingly, **WE AFFIRM** the bankruptcy court.

## V. CONCLUSION

As § 697.060(a) explicitly allows the filing of a "certified copy" of a federal judgment "to create a judgment lien on real property," we hold that Appellee's filing of a certified copy of her federal judgment created a lien on Debtors' property, which lien is senior in priority to Appellant's lien. Therefore, **WE AFFIRM.**