**Thomas J. HOBSON and Alice M. Hobson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 1860.**

United States District Court
E. D. Michigan, N. D.

Sept. 2, 1958.

Winegarden & Booth and Donn D. Parker, Flint, Mich., for plaintiffs.

Fred W. Kaess, U. S. Atty., by Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

### Findings of Fact

1. This is an action to quiet title wherein the defendant, United States, has filed tax liens against the property.

2. Plaintiffs commenced this action in the Circuit Court for the County of Genesee, Michigan. It was properly removed to this court pursuant to 28 U.S. C. § 1441 et seq.

3. In May 1957, Thomas J. Hobson and Frank Jackson entered into a verbal agreement with Melvin P. House whereby House would secure title to Lots 461 and 466 of Eastlawn Subdivision, City of Flint, Genesee County, Michigan. The purchase price was to be $1,000, and it was to be paid from funds furnished by Hobson and Jackson. House was to receive $100 for his services.

4. Hobson gave House $20, which House gave to the owner, Marion Glaspell McLaughlin, as deposit on the purchase of the two lots.

5. On May 23, 1957, Jackson put up $500 and Hobson put up $480 and purchased a bank money order for $980 payable to their attorney, William A. Neithercut. The attorney was instructed to examine the title and, if satisfied, to endorse and deliver the bank money order to Maurine Jones, attorney for the seller, Marion McLaughlin.

6. On June 10, 1957, Melvin and Jennie House executed a warranty deed to the lots in question, naming Thomas J. Hobson and Alice M. Hobson as grantees. At that time, House was paid the $100 fee.

7. Shortly thereafter, between June 10 and June 13, 1957, Marion McLaugh-

lin executed a quitclaim deed of the two lots to Melvin and Jennie House as grantees. This deed was given to William A. Neithercut, who endorsed the bank money order to Maurine Jones. Neithercut then delivered this deed to the Hobsons.

8. On June 24, 1957, plaintiffs secured a new and corrected deed from Melvin and Jennie House.

9. On June 28, 1957, the deed from McLaughlin to the Houses was recorded along with the June 24, 1957, deed from the Houses to the Hobsons. The June 10, 1957, deed from the Houses to the Hobsons was never recorded because of error.

10. On August 6, 1957, Thomas Hobson repaid Frank Jackson the $500.

11. There had been assessed against Melvin P. House and Jennie House income and withholding taxes according to the list hereinafter set forth.

| Tax Period | Tax Lien Number | Amount Outstanding | Assessment Date | Recording Dates of Liens |
|---|---|---|---|---|
| INCOME | (M. &. J. House) | | | |
| 1953 | F-9 | $ 566.66 | 6-9-54 | GC 4-28-55 |
| | | | | BC 4-28-55 |
| 1954 | F-147 | 1,157.73 | 9-20-55 | GC 1-19-56 |
| | | | | BC 1-12-56 |
| Withholding | (Melvin House) | | | |
| 4/Q/1955 | F-367 | 629.74 | 3-30-56 | GC 2-13-57 |
| 4/Q/1955 | F-754 | 217.72 | 3-8-57 | GC 2-10-58 |
| 2/Q/1956 | F-367 | 550.21 | 9-21-56 | GC 2-13-57 |
| 3/Q/1956 | F-396 | 458.33 | 12-21-56 | GC 3-15-57 |
| 4/Q/1956 | F-754 | 531.01 | 4-8-57 | GC 2-10-58 |

After the assessments as set forth in the above, the liens which arose at the date of assessment were recorded against all property and rights to property belonging to the said Melvin P. House and Jennie House. Said list shows the tax periods, the nature of the taxes, tax lien numbers, the amount of taxes outstanding, the dates of assessments by the Director of Internal Revenue, and the dates and places the notices of tax liens were filed. The letters "GC" appearing in the list indicate that the notice of tax lien was filed with the Register of Deeds for Genesee County at Flint, Michigan, and the letters "BC" indicate that the notice of tax lien was filed with the Clerk of the United States District Court at Bay City, Michigan.

After receipt of the assessment lists, the Director of Internal Revenue duly demanded payment of said taxes, but said taxpayers Melvin P. House and Jennie House paid a portion of said taxes. On July 17, 1958, the taxpayers still owed the United States the amount indicated.

12. The plaintiffs' first actual notice of the tax liens occurred when they applied to a local bank for construction money mortgages and the titles were re-examined.

Conclusions of Law

1. Melvin P. House acted as agent for Thomas J. Hobson.

2. Melvin P. House and Jennie House never acquired more than a bare legal title to the lots in question. 42 A.L.R. 10, 27 A.L.R.2d 1285.

■ 3. "The rights of the Government when attempting to establish its lien to property of a delinquent taxpayer are, however, never better than those which the taxpayer had," Mertens Law of Federal Income Taxation, 9 Mertens Section 54.52.

■ 4. Plaintiffs are entitled to a decree determining that Lots 461 and 466 of Eastlawn Subdivision, City of Flint, Genesee County, Michigan, are not subject to the liens of the United States Government.