UNITED STATES of America Plaintiffs,

v.

William JOHNSON, June Johnson and Violet McAfee et al., Defendants.

Civ. No. 3671.

United States District Court
D. Arizona.

Dec. 28, 1961.

C. A. Muecke, U. S. Atty., by Arthur Ross, Asst. U. S. Atty., Phoenix, Ariz., for the United States.

Johnson & Shelley, Mesa, Ariz., for defendant and counterclaimant, Violet McAfee.

No attorneys for defendants Wm. and June Johnson—in default.

DAVIS, District Judge.

This is an action by the United States of America, under 26 U.S.C.A. §§ 7401 and 7403 and 28 U.S.C.A. §§ 1340 and 1345, seeking a money judgment against the defendants, William Johnson and June Johnson, his wife, for certain unpaid taxes, and the enforcement of a lien for such taxes against certain real property claimed by the defendant, Violet McAfee (the mother of the defendant, William Johnson).

The Johnsons defaulted, but the defendant McAfee appeared, filing a verified answer and counter-claim alleging that she was the true owner of the real property described, and praying that the plaintiff's lien be declared of no force and effect on said property.

Thereafter, the defendant McAfee filed a motion for summary judgment accompanied by an affidavit setting forth facts in support of her position.

The attorneys for both parties stipulated that the Court could consider the depositions of Violet AcAfee and William Johnson in determining the motion for summary judgment.

The verified counter-claim of Violet McAfee, together with the affidavit executed by her in support of her motion for summary judgment, sets forth facts of an evidentiary nature, and which, if presented upon a formal hearing, are sufficient to constitute basis for determination in her behalf. Further, they are all supported by the depositions of Violet McAfee and William Johnson. These allegations of the defendant McAfee are not controverted by verified pleadings or counter-affidavits of the plaintiff.

For the purpose of determining whether any issue of fact exists which

would prevent the granting of a motion for summary judgment, the facts set out in the moving party's affidavit showing that she is entitled to judgment must be accepted as true, when not met by counter-affidavits or testimony. The status of the parties is covered quite accurately in Barron & Holtzoff, § 1235, pp. 146, 147 and 148 as follows:

" * * * In other words the opposing party must show a plausible ground for his claim or defense. * * * The mere denial of the moving party's contentions, without showing any facts admissible in evidence, raises no issue of fact. The opposing party must show how he will support his contentions that issues of fact are present. But he need not submit all his evidence and it is sufficient if he shows that he has evidence of a substantial nature, as distinguished from legal conclusions, to dispute that of the moving party on material factual issues."

The record contains nothing from the plaintiff in this respect. No issue of fact being raised, the motion for summary judgment may properly be considered.

## FACTS

The affidavit of Violet McAfee and her deposition and the deposition of William Johnson show: That she owned the real property in question prior to the year 1955; the transfer of said property to her son, William, on June 1, 1955, subject to a real estate mortgage to State Mutual Savings & Loan for $2,781.79; the execution of the new mortgage to First Federal Savings & Loan Association for $6,295.00, used to pay off the State Mutual mortgage, and the balance of which was kept by her son, William Johnson; her continuous occupancy of the premises during the period in question; that her son, William Johnson, resided in Virginia and in Las Vegas, Nevada, and did not occupy the property; that she did not pay rent to her son; that she paid the proportion of monthly payments to First Federal attributable to the funds used to pay off the State Mutual mortgage, and

on occasion paid the entire monthly payments; that she received all the rent from the small house on the premises; that she received nothing for the conveyance to her son, except his promise to reconvey after using the property as security for the loan from First Federal; that she paid all the taxes while title was in her son; that upon the death of her second husband her son reconveyed the property to her promptly at her request; that she requested the reconveyance in order to file for her widow's tax exemption; and that she was unaware of the plaintiff's lien when this was done.

The deed from Violet McAfee to her son was recorded June 1, 1955. The mortgage to First Federal Savings & Loan Association was recorded on July 17, 1955. The assessments and notices of tax liens were made in May and July of 1957; and recorded September 11, 1957, in the office of the County Recorder of Maricopa County, Arizona, being the county in which the real estate involved in the controversy was located. The reconveyance of the property from William Johnson to Violet McAfee was recorded April 30, 1958. The complaint was filed May 19, 1961.

■ A federal tax lien attaches to all property and rights to property belonging to the taxpayer, whether real or personal. 26 U.S.C.A. § 6321.

■ The rights of plaintiff under its lien are to be established as of the date on which the assessments were made or the lien recorded, namely, in May, July and September 1957. The subsequent reconveyance of the property from William Johnson to the Defendant McAfee on April 30, 1958 could not operate to change the rights of the plaintiff as they existed prior to that conveyance.

The primary question to be determined is whether the interest of William Johnson in the realty in 1957 is "property" or a "right in property" upon which the plaintiff's lien could attach and become prior and superior to the interest of Violet McAfee in such property.

It is the contention of Violet McAfee that William Johnson held bare legal title to the property, with the equitable interest at all times held by him in trust for her benefit. Plaintiff disputes this, claiming that such a trust relationship cannot be shown by parol evidence. In support of this position, plaintiff cites Rogers v. Greer, 70 Ariz. 264, 219 P.2d 760; Wright v. Young, 20 Ariz. 46, 176 P. 583. The Arizona decisions are also clear that to establish an express trust in realty there must be evidence by some writing. Solomon v. Solomon, 62 Ariz. 311, 157 P.2d 605; Murillo v. Hernandez, 79 Ariz. 1, 281 P.2d 786. This line of cases, however, involves controversies between the purported trustee and purported beneficiary (or claimants under one or the other), in an attempt to establish the existence of a trust. McAfee contends that here there has been a performance of the trust which takes the question out of the statute of frauds and out of the rule with respect to parol evidence. Stewart v. Damron, 63 Ariz. 158, 160 P.2d 321.

We think this is correct and that the instant case is governed by Parker v. Gentry, 66 Ariz. 189, 185 P.2d 767, where the Arizona Court held that oral testimony is admissible to establish that an express trust once existed, and that at the time of filing the action the trust has been fully executed and performed, and that nothing remains for the trustee to do.

It is clear that the legal title showed of record in William Johnson on September 11, 1957, when the tax lien was recorded, and that William Johnson did not reconvey the property to Violet McAfee until April 30, 1958.

The plaintiff has emphasized that the only evidence to be made available is from the parties interested in defeating the government's claim, but there is nothing inherently improbable in the testimony of the defendants to the effect that a mother transferred legal title to the property in question to her son to enable him to execute a real estate mortgage and borrow money, with the understanding that the property was to be used for that purpose only, and that it was to be reconveyed to the mother by the son after the mortgage loan transaction was completed. The plaintiff has not indicated it has any evidence to the contrary.

The circumstances of this case are strikingly similar to Kingsbury v. Christy, 21 Ariz. 559, 192 P. 1114, 1115 (1920) where Christy tried to set aside a conveyance from Mrs. West to her son-in-law, Kingsbury, claiming it to have been made in fraud of creditors of Mrs. West. Testimony established the property was originally Kingsbury's, had been transferred to Mrs. West by him for special limited purposes, and upon her agreement to retransfer it to Kingsbury whenever requested. Such retransfer was attacked by the creditors of Mrs. West. The Court said:

"The conveyances [from Kingsbury to Mrs. West] being without consideration, a resulting trust was created, and the superior right to the lots in question remained in the defendant Kingsbury. 10 Am. & Eng. Law, pp. 4, 5, and cases there cited. Such being the case, the lots did not belong to the defendant West, and it was no fraud on her creditors for her to reconvey the legal title to the rightful owner.

"The plaintiff could not complain that he was injured by the transfer, because he had no right to take the property of the defendant Kingsbury to satisfy his judgment against the defendant West."

It is the opinion of the Court that at the time the federal lien was filed of record the property described as the East 150 feet of Lot Thirteen (13) JOHNSON ADDITION, according to the plat of record in the office of the Maricopa County Recorder in Book 58 of Maps, page 17, located in Maricopa County, Arizona, was neither "property" nor "a right in property" of the taxpayer, William Johnson; that the plaintiff's lien is of no force and effect with respect thereto; and that the defendant, Violet McAfee, is entitled to relief sought in her counter-claim.

Defendant is directed to prepare and present a formal written judgment in conformity herewith, and providing with respect to the parties in this action that Violet McAfee is the owner of the premises in question, free and clear of any lien of plaintiff, subject only to the lien of the Mortgage of First Federal Savings & Loan Association.