**BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, etc., Plaintiff-Appellant,**

v.

**Socrates MAMAKOS et al., Defendants-Appellees.**

**No. 73–1700.**

United States Court of Appeals, Ninth Circuit.

Jan. 21, 1975.

---

Joseph M. Thornhill (argued), San Francisco, Cal., for plaintiff-appellant.

William A. Whitledge, Atty. (argued), Dept. of Justice, Washington, D. C. (Tax Div.), for defendants-appellees.

Before DUNIWAY, WRIGHT and IN-GRAHAM,* Circuit Judges.

OPINION

DUNIWAY, Circuit Judge:

Bank of America National Trust & Savings Association (the bank), plaintiff in this interpleader action, appeals from denial of its motion for relief from judgment under Rule 60(b), F.R.Civ.P. We affirm.

On December 1, 1971, William Weeks deposited in the commercial checking account which he and his wife maintained at the bank's Cloverdale branch a check drawn on a Florida bank for $13,-500. On December 3, 1971, the Internal Revenue Service (IRS) filed a notice of tax lien against the Weeks' property and served on the Cloverdale branch a notice of levy (in the amount of $670,190) against the Weeks' account. Also on December 3, or slightly before that date, Socrates Mamakos, attorney for the Weeks, presented for payment a $13,500 check drawn on their account. The Florida check had not yet cleared, and Mamakos was told that the check could not be honored for want of sufficient funds. Later, the Florida check was paid and $13,500 was credited to the Weeks' account.

On December 9, 1971, Mamakos wrote a letter to the bank's attorneys claiming that he was entitled to the money in his clients' account by virtue of his presentment of their check before the IRS levy. As Mamakos suggested, the bank then filed an action in interpleader in state court, naming the Weeks, Mamakos, and

* The Honorable Joe McDonald Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

the government as defendants. At the government's behest, the action was removed to federal court pursuant to 28 U.S.C. §§ 1441(a) and 2410(a)(5).

Shortly thereafter, on March 1, 1972, Mamakos disclaimed any interest in the interpleaded funds and advised the bank's attorneys that his clients no longer contested the government's right to collect the money. The bank, however, declined the government's invitation to stipulate to the dismissal of the action, refusing to pay over the interpleaded funds unless it could deduct its costs and reasonable attorneys fees (approximately $547.50). The government then moved for summary judgment, and the bank moved for discharge with a direction to pay over the money to the government less its costs and fees. On November 10, 1972, the district judge granted the government's motion for summary judgment and denied the bank's motion.

Almost a month later, the bank filed its Rule 60(b) motion, alleging that the district judge's memorandum opinion was based on an erroneous finding of fact, that the IRS levy occurred about the same time as, or after, the proceeds from the Florida check were credited to the Weeks' account, and on an incorrect conclusion of law, that 26 U.S.C. § 6332(d) provides an absolute defense against a third party claimant for. a stakeholder like the bank which satisfies the government's tax levy with contested funds. The district judge properly denied the motion.

█ Under Rule 60(b)(1), a district judge may grant relief from a judgment predicated on "mistake, inadvertence, surprise, or excusable neglect". His ruling on such a motion may not be disturbed on appeal absent a showing that he has abused his discretion. Martella v.

Marine Cooks & Stewards Union, 9 Cir., 1971, 448 F.2d 729;. Title v. United States, 9 Cir., 1959, 263 F.2d 28, 31.

█ Assuming, without deciding, that this is a proper case for entertaining a Rule 60(b) motion, which we seriously doubt, we find no abuse of discretion. The bank argues that because there were no funds in the Weeks' account at the time the IRS served its notice, the levy was ineffective. (See 26 U.S.C. § 6331(b)).[1] But the bank failed to raise the point in opposition to the government's motion for summary judgment, asserting it only after judgment had been entered. This alone indicates that denial of the motion was not an abuse of discretion. We note also that the argument is incorrect. The IRS, on December 3, 1971, gave notice not only of a tax *levy, see* 26 U.S.C. §§ 6331–6332, but of a tax *lien, see* 26 U.S.C. § 6321. This lien attached to all after-acquired property of the Weeks, including their Cloverdale bank account. Glass City Bank v. United States, 1945, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56; Seaboard Surety Co. v. United States, 9 Cir., 1962, 306 F.2d 855, 859. Thus, had the bank correctly investigated its legal position before filing its action in interpleader, it would have discovered the government's paramount and unquestionable right to the disputed funds.[2]

█ Even were we to hold that the IRS levy was ineffective, the district court on remand would have to disallow the bank's claims for costs and attorneys fees. Such claims may not diminish the portion of an interpleaded fund to which the government is entitled by virtue of a federal tax lien. Seaboard Surety Co. v. United States, *supra;* United States v. State National Bank of Connecticut, 2 Cir., 1970, 421 F.2d 519; Spinks v. Jones,

---

1. This argument obviously depends on the fact that funds from payment of the Florida check were not credited to the Weeks' account until after the IRS levy. The bank is correct in asserting that the district court erroneously found that the levy occurred after, or at about the same time as, the Florida funds were credited, but the court's error was harmless for the reasons stated below.

2. Even if 26 U.S.C. § 6332(d) does not provide an absolute defense against third party claimants to money paid in satisfaction of a tax lien, but only against taxpayers claiming the funds, § 6321 and the cases cited above clearly establish the government's right to the money in the Weeks' account.

5 Cir., 1974, 499 F.2d 339. *See* United States v. R. F. Ball Construction Co., 1958, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510; United States v. Liverpool & London & Globe Insurance Co., 1955, 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268.

Affirmed.