**GRAMERCY ENTERPRISES** and Columbian National Title Insurance Company, Plaintiffs,

v.

**UNITED STATES** of America, Western Exchange Corporation, Pacific Western Industries, Inc., Pacific Western Resources, Inc., Charles W. Ackerlow, Richard J. Anderson, and Mark E. McSwain, Defendants.

**PACIFIC WESTERN INDUSTRIES, INC.,** Pacific Western Resources, Inc., Charles W. Ackerlow, Richard J. Anderson, and Mark E. McSwain, Counterclaimants,

v.

**COLUMBIAN NATIONAL TITLE INSURANCE COMPANY,** Counterdefendant.

No. C–84–0570S.

United States District Court, D. Utah, C.D.

July 7, 1986.

Brent D. Ward, U.S. Atty., Glen R. Dawson, Asst. U.S. Atty., Salt Lake City, Utah, for defendant U.S.

Jeffrey L. Shields, Callister, Duncan & Nebeker, Salt Lake City, Utah for plaintiff and Columbian Nat. Title.

Thomas T. Billings, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for plaintiff Gramercy and third party defendant Sirianni.

Douglas J. Parry, Larsen, Kimball, Parr & Crockett, Salt Lake City, Utah, for defendants P.W.I., P.W.R., Akerlow, Anderson and McSwain.

William G. Fowler, Roe, Fowler & Moxley, Salt Lake City, Utah, for trustee of defendant Western Exchange Corp.

Jon C. Heaton, James A. Boevers, Prince, Yeates & Geldzahler, Salt Lake City, Utah, for third party plaintiff McGhie Land Title Co.

Gary L. Paxton, Clyde & Pratt, Salt Lake City, Utah, for third party defendant Jon R. Brinton.

Michael F. Jones, Tibbals, Howell & Jones, Salt Lake City, Utah, for third party defendants Reed W. Brinton, Steven M. Brinton and Robert L. Brinton.

## DECISION

SAM, District Judge.

This action is before the court on a Motion for Summary Judgment brought by defendant United States of America against plaintiffs Gramercy Enterprises and Columbian National Title Insurance Company. Also before the court is a Motion for Summary Judgment brought by third-party defendants, Reed W. Brinton, Steven M. Brinton, and Robert L. Brinton against third-party plaintiff McGhie Land

Title Company. Movants raise identical issues, and the following Decision is dispositive of both motions at bar.

## THE PARTIES

The present case involves the transfer of property against which tax liens were filed. Parties relevant to the Motions are: plaintiff Gramercy Enterprises ("Gramercy"), final purchaser of the subject property; plaintiff Columbian National Title Insurance Company ("Columbian"), insurer of title on the sale; third-party plaintiff McGhie Land Title Company ("McGhie"), local agent for Columbian; the United States of America, Department of Internal Revenue Service, a party to this action by consent, under 26 U.S.C. § 7426; defendant Western Exchange Corporation ("Westex"), holder of option on and seller of the property; and third-party defendants Reed W. Brinton, Steven M. Brinton, and Robert L. Brinton (the "Brintons"), officers of Westex.

## UNCONTESTED FACTS

On August 2, 1982, the Internal Revenue Service began a series of tax lien filings against Westex to recover liabilities amounting to $681,527.00. Westex owned real property located at 4255 South 300 West, Salt Lake (the "truckstop property"), until January 8, 1982, when it sold the property to McGillis Investment Company ("McGillis"). At the time of sale, Westex leased back the property from McGillis and secured an exclusive, nonassignable option to repurchase it. On January 6, 1984, Westex exercised its option by purchasing the property, and, at the same time, transferred it by warranty deed to Pacific Western Industries ("P.W.I.").[1] P.W.I. then transferred the property by warranty deed to plaintiff Gramercy Enterprises ("Gramercy"). All warranty deeds were recorded at 11:43 A.M. on January 6, 1984.

The sole question before the court is whether the federal tax lien attached to

1. The evidence indicates P.W.I. is a wholly owned subsidiary of Westex.

Westex' option and to the truckstop property when the option was exercised.

## I. *Standing.*

■ At hearing on these motions, McGhie asserted that the Brintons lack standing to bring their motion on the lien-attachment issue because the United States is the sole party having power to enforce the tax lien. In that regard, the court finds persuasive the Brintons' argument that where McGhie seeks indemnification from them for any liability McGhie might incur, the Brintons have standing to request declaratory relief on the lien-attachment issue regardless of their power to enforce the lien. Therefore, the court rules the Brintons have standing to bring their present motion.

## II. *Lien-attachment.*

■ Authority for the imposition of the subject tax lien arises under 26 U.S.C. § 6321 and Treasury Regulation § 301.-6321–1,[2] both of which provide that the United States may impose a lien in the amount of any unpaid taxes against all property and *rights* to property possessed by the tax offender at the time of assessment as well as any property or rights acquired during the lien period. *Glass City Bank v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1954); 26 U.S.C. § 6322 (1954). Interpretative caselaw holds that any person to whom an interest in the property is transferred after the lien arises takes subject to it regardless of

whether he had actual or constructive knowledge of the lien.[3] *United States v. Snyder,* 149 U.S. 361 [210], 13 S.Ct. 846, 37 L.Ed. 705 (1893).

■ The United States and the Brintons claim the lien attached to Westex' option to purchase the property because the option was a right to property contemplated in the controlling authorities, and the option was acquired after the initial assessment of March 22, 1982. They assert the lien also attached to the property itself at the time the option was exercised, and therefore, the lien was properly imposed on the property and property rights belonging to the tax offender, Westex. The United States now seeks to foreclose and sell the property to satisfy Westex' tax liability.[4]

McGhie, as insurer of title on the sale, counters that the court should look to the "quality" of the transaction to determine whether the property was ever in Westex' possession for tax liability purposes. They claim that where the property was in Westex' actual possession momentarily (that is, where the sale was merely a paper transaction that accomplished virtually simultaneously the transfer from McGillis to Gramercy via Westex and P.W.I.), Westex was never its true owner, and therefore, the United States is barred from initiating a foreclosure action against the property. For the proposition that Westex was merely an "agent" in the transaction and did not have the quality of interest in the property,

---

**2.** Sec. 6321, 26 U.S.C. states:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Treas.Reg. § 301.6321–1 states in relevant part:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and *rights* to property, whether real or personal, tangible or intangible, belonging to such person....

> The lien attaches to all property and rights to property belonging to such person at any time during the period of the lien, including any property or rights to property acquired by such person after the lien arises.

> (Emphasis added).

**3.** Considering the well-settled rule in *Snyder,* the court summarily rejects Gramercy's defense that it is the true owner of the truckstop property because it was a bonafide purchaser for value without knowledge of the tax lien.

**4.** Tax liens may be enforced through administrative levy or the initiation of a foreclosure action. *United States v. Bank of Celina,* 721 F.2d 163, 166 (6th Cir.1983).

e.g., the beneficial ownership,[5] sufficient to subject it to the tax lien, McGhie relies on two cases, both of which are distinguishable from the instant suit. *United States v. Fontana*, 528 F.Supp. 137 (S.D.N.Y. 1981) held that a party who is merely a "constructive trustee" (or "agent" as McGhie claims here) is not an owner for tax lien purposes. However, a constructive trust is only created "where the title to the property is acquired by one person under such circumstances that he is under a *duty* to surrender it." *Id.* at 146. (Emphasis added). *Fontana* dealt with parties who were truly conduits for the property, that is, their sole participation in the land transaction involved its conveyance. Their roles were similar to that of an escrow agent who possesses no interest in the property and has a duty to give up monies on the completion of a transaction.[6]

Similarly, *Hobson v. United States of America*, 168 F.Supp. 117 (E.D.Mich.N.D. 1958) centered on parties who were archetypical agents for purchasers of property in that Hobsons received money from the buyers, transferred the money to the sellers, then received title to the property and transferred it to the buyers. The buyers paid the Hobsons to secure title to property, and that was the Hobsons' sole function. They, too, were under a duty to surrender title to the buyers.

■ In this case, before the first tax lien was filed, Westex owned the property, sold it to McGillis, then leased it back with the exclusive option to buy. Clearly, *Westex was neither an agent nor a trustee because it had no duty to surrender the property;* it merely exercised an option to buy and transfer property in which it held an interest. That choice to buy and trans-

fer the truckstop property rested solely with Westex because the option was exclusive, and McGillis refused to sell the property to any other party.[7] Thus, the court finds Westex possessed ownership of the truckstop property, for lien-attachment purposes, the moment it exercised its option to buy.

■ For the following reasons, the court is not moved from that ruling by McGhie's claims that Westex assigned its option to P.W.I. before the January 6, 1984 transaction and that McGillis impliedly consented to the assignment. First, the order of transaction of the truckstop property belies the alleged assignment and indicates Westex still owned the option at the time it was exercised because the title was transferred from McGillis to Westex to P.W.I. to Gramercy, rather than from P.W.I. to Gramercy, which would have been the order of transfer had Westex previously assigned the option to P.W.I. Second, the leaseback/option agreement between McGillis and Westex required that McGillis should give written consent to any assignment. Under cross-examination at his deposition, Mr. McGillis repeatedly testified that he had not given his written consent and that he would never have agreed to sell the truckstop property to P.W.I. Third, McGhie admits that several tax liens were filed before the time of the alleged assignment by Westex to P.W.I. As stated above, at the initial assessment of tax liability, a lien in favor of the United States attaches to all property or rights to property then in possession of the tax offender and to all property or rights acquired during the lien period. 26 U.S.C. § 6321; Treas.Reg. § 301.-6321–1. Therefore, even if the alleged assignment had been made, the lien would

---

5. The court is unpersuaded by McGhie's argument that the mere fact Westex did not possess the assets to purchase the property outright demonstrates Westex had no beneficial interest in the property sufficient to subject that interest to the tax lien.

6. *Fontana* also held the court must look to state laws governing ownership to determine whether a tax lien attached to the property at issue because the lien can only attach to property the

taxpayer owns. However, the court need not reach the state law question in this case because it rejects application of the "constructive trustee" theory to the instant facts.

7. Throughout his deposition, Mr. McGillis consistently maintained that, under the terms of the option agreement, he neither would have nor could have sold the truckstop property to any person or entity other than Westex.

have attached to Westex' option to purchase, which is a property right within the purview of controlling authorities.

Finally, McGhie argues that this court will work a severe injustice by finding that the lien attached to the truckstop property because McGhie and its parent company, Columbian, as title insurers on the sale, were led to believe title passed from P.W.I. free of encumbrances. McGhie further asserts that should it be forced to honor a claim by Gramercy against it, McGhie will essentially be required to pay taxes incurred and avoided by Westex. The court need not respond to those assertions at this time because it is aware McGhie has an indemnification claim against the Brintons involving personal liability for withholding and excise taxes. Moreover, those issues are not presently before the court and their resolution would not affect the outcome on the lien-attachment issue.

Accordingly, the Motion for Summary Judgment brought by defendant United States of America against plaintiffs Gramercy and Columbian and the Motion for Summary Judgment brought by the Brintons against McGhie are granted.