**PYRAMID LAKE TRIBE OF INDIANS,**
Plaintiff-Appellant,

v.

**Donald Paul HODEL, Secretary of the Interior,** Defendant–Appellee,

and

**Truckee–Carson Irrigation District,**
Defendant–Intervenor–Appellee.

No. 86–1915.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 1988.

Decided July 7, 1989.

Robert S. Pelcyger, Fredericks & Pelcyger, Boulder, Colo., for plaintiff-appellant.

Fred R. Disheroon, Special Litigation Counsel, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before HALL, KOZINSKI and NOONAN, Circuit Judges.

PER CURIAM:

The Pyramid Lake Tribe of Indians appeals from the district court's refusal to enforce certain portions of a decree entered by the district court of the District of Columbia, *Pyramid Lake Paiute Tribe of Indians v. Morton*, 354 F.Supp. 252 (D.D.C. 1973) (Gesell, J.), and subsequently transferred to the district court for the District of Nevada. *Pyramid Lake Paiute Tribe of Indians v. Clark*, No. 2506–70 (D.D.C. Apr. 25, 1985). In refusing to enforce those portions of the decree, Judge Thompson, who has responsibility for administering the 1973 decree, as well as many other aspects of this very large and complicated

case, cited "intervening legal decisions and changes of circumstances." *Pyramid Lake Paiute Tribe of Indians v. Hodel,* No. CV–R–85–197–BRT, mem. at 2 (D.Nev. Jan. 29, 1986). The Tribe appeals, claiming that there are no changed conditions that would justify modification of the decree.

■ A court charged with administering a decree entered by it or its predecessor has broad authority to alter or modify the decree in light of changed circumstances, and consistent with principles of equity. *See* Fed.R.Civ.P. 60(b); *United States v. Swift & Co.,* 286 U.S. 106, 114–15, 52 S.Ct. 460–462, 76 L.Ed. 999 (1932); *Safe Flight Instrument Corp. v. United Control Corp.,* 576 F.2d 1340, 1343 (9th Cir.1978). We review only to determine whether the district court had a proper basis for effecting a modification and, if so, whether it abused its discretion in adopting the particular modification it did. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Mamakos,* 509 F.2d 1217, 1219 (9th Cir.1975).

■ Appellants seek the enforcement of three sections of the 1973 decree. These sections provide:

[C] As a means of insuring that the amount of water diverted is limited to that prescribed for beneficial agricultural use, the Truckee–Carson Irrigation District shall:

(1) Deliver water only to lands for which the District has in advance established to the satisfaction of the Secretary or his designee that a current valid water right exists.

. . . .

[D](3) The District shall not deliver water to users who do not comply with all of the terms and provisions of these Operating Criteria and Procedures. Such deliveries shall not resume without the prior approval of the Secretary or his designee.

[D](4) The Secretary shall not approve any applications for transfers of water rights within the Newlands Project pursuant to 43 U.S.C. § [389] [1] unless he finds that the District is in compliance with all of the terms and provisions of these Operating Criteria and Procedures and that the applicants for such transfers are in compliance with these Operating Criteria and Procedures and with the applicable decrees. Transfers of water rights shall be restricted to the extent that there shall be no enlarged consumptive use of water within the lands of the Newlands Project.

354 F.Supp. at 265–66.

The Secretary cites two changed circumstances as supporting the district court's refusal to enforce these provisions. First, the Secretary claims that Judge Thompson's decision in *United States v. Alpine Land & Reservoir Co.,* 503 F.Supp. 877 (D.Nev.1980), *aff'd,* 697 F.2d 851 (9th Cir. 1983), established that the Nevada State Engineer, not the Secretary, has the authority to approve or deny applications to transfer water rights. Second, the Secretary claims that the *Alpine* decision, along with the decision of the Supreme Court in *Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983), invalidated an assumption underlying the 1973 decree, by holding that the farmers, not the federal government, own the water rights. We consider each contention in turn.

The 1980 *Alpine* decision vested primary jurisdiction over transfer applications with the Nevada State Engineer. 503 F.Supp. at 893. The district court for the District of Nevada was given appellate jurisdiction over the State Engineer's decisions. *Id.* We approved this arrangement. 697 F.2d at 857–58.

Because the Secretary no longer has the authority to approve transfer applications, section [D](4) of the 1973 decree cannot be enforced. The Tribe contends that while the State Engineer has jurisdiction over water rights transfers, the Secretary retains his authority to determine who shall receive water from the Newlands Project, the federal facility which provides water to the area. We reject this attempt to bifurcate a water right. According to the

---

1. The decree referred to § 439, but this was apparently a typographical error. *United States* ·*v. Alpine Land & Reservoir Co.,* No. CV–D–184–BRT, mem. at 25 n. 5 (D.Nev. Oct. 14, 1986).

Tribe's argument, the State Engineer could approve the transfer of a water right, but the Secretary could deny the corresponding transfer of the right to receive water from the Newlands Project. The Secretary would have an effective veto over decisions of the State Engineer, a result which squarely contradicts the 1980 *Alpine* decision. The *Alpine* decision's shift of authority over transfer applications from the Secretary to the State Engineer is thus a changed circumstance rendering section [D](4) of the 1973 decree unenforceable.

The State Engineer's new authority, however, has nothing to do with sections [C](1) or [D](3) of the 1973 decree. Whatever the decision procedure used to determine who gets water rights, people without water rights and users in violation of the 1973 decree should not be getting any water. The 1980 *Alpine* decision did not divest the Secretary of his authority under the 1973 decree to enforce these two provisions. The fact that the State Engineer has jurisdiction over transfer applications is therefore not a changed circumstance justifying the district court's failure to enforce sections [C](1) and [D](3) of the 1973 decree.

The Secretary also cites as a changed circumstance the fact that the *Alpine* decision, along with the Supreme Court's decision in *Nevada v. United States*, 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983), established that the farmers, not the federal government, own the water rights at issue. Even if this were truly a changed circumstance—a dubious proposition [2]—it has little relevance to the relief sought by the Tribe. Regardless of who owns the water rights, *non*-owners have no right to receive water. Similarly, whether the farmers or the government own the water rights, users of the water rights must comply with the 1973 decree in order to continue to receive water. The purported change in ownership of the water rights is thus not

a changed circumstance which can justify the district court's failure to enforce sections [C](1) and [D](3) of the 1973 decree.

We conclude, therefore, that Judge Thompson did not abuse his discretion in declining to order the enforcement of section [D](4) of the 1973 decree. Judge Thompson did, however, abuse his discretion by failing to order the enforcement of sections [C](1) and [D](3). We reverse the portion of the district court's order denying enforcement of the latter two sections. On remand, the district court should order the Secretary to deny delivery of water to users who do not hold a valid water right or who are not in compliance with the 1973 decree.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

---

**2.** The *Alpine* and *Nevada* holdings both rely on cases long predating the 1973 decree which hold that water rights from federal reclamation projects are owned by individual landowners, not the United States. *See Alpine*, 503 F.Supp. at 879–80 (citing *Ickes v. Fox*, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 525 (1937), and *Nebraska v. Wyoming*, 325 U.S. 589, 65 S.Ct. 1332, 89 L.Ed. 1815 (1945)); *Nevada*, 463 U.S. at 122–26, 103 S.Ct. at 2914–16 (citing the same two cases). Neither *Alpine* nor *Nevada* changed the law in this regard.