**Margaret L. POTTORF, Plaintiff,**

*v.*

**UNITED STATES of America, Defendant.**

**No. 88–4230–R.**

United States District Court, D. Kansas.

May 31, 1990.

Margaret L. Pottorf, Highland, Kan., pro se.

Benjamin L. Burgess, Jr., U.S. Atty., Charles S. Kennedy III, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendant's motion for summary judgment on plaintiff's wrongful levy claim. Plaintiff [1] contends that the government wrongfully levied on property which belonged to her and not to Pottorf Farms, Inc. or to Floyd W. Pottorf, the delinquent taxpayers. Having carefully reviewed the materials before the court, we are now prepared to rule.

In considering the defendant's motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiff. *Barber v. General Electric Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The party resisting the motion "may

not rest upon the mere allegations or denials of his pleadings ..." to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

The facts pertinent to this case are not in dispute. On April 11, 1985, the United States made a tax assessment against Pottorf Farms, Inc. A federal tax lien arose upon assessment. A notice of federal tax lien against Pottorf Farms, Inc. was filed on September 30, 1985 in the amount of $636,240.88. A notice of federal tax lien against Floyd W. Pottorf in the amount of $49,411.00 was also filed on September 30, 1985. On December 3, 1987, Horace B. Edwards, Secretary of Transportation of the State of Kansas, filed a condemnation proceeding in the District Court of Doniphan County, Kansas to acquire a permanent easement over certain real property known as Tract Nos. 20 and 75. At the time of the filing of the condemnation proceeding, Tract No. 75 was titled in the name of Pottorf Farms, Inc., and Tract No. 20 was titled in the name of Floyd W. Pottorf and Margaret L. Pottorf as joint tenants with right of survivorship. The values of Tract No. 75 and Tract No. 20 were determined to be $100,380.00 and $2,912.00, respectively. These amounts were tendered to the Doniphan County District Court by the Secretary of Transportation. On or about March 9, 1988, the Internal Revenue Service served a Notice of Levy pursuant to 26 U.S.C. § 6331 in the amount of $638,240.88 on the Clerk of the Doniphan County District Court, seeking to collect any and all sums due Pottorf Farms, Inc. The Internal Revenue Service also served a Notice of Levy in the amount of $49,411.00 on the Clerk of the Doniphan

1. This action was originally brought by Margaret L. Pottorf. Mrs. Pottorf died during the pendency of this action. On October 19, 1989, Floyd W. Pottorf, her husband, was substituted as plaintiff in this action. For the purposes of this opinion, the court shall continue to refer to Mrs. Pottorf as the plaintiff in this action.

County District Court, seeking to collect any and all sums due Floyd W. Pottorf. On September 28, 1988, the United States filed an application for distribution pursuant to the levy with the Doniphan County District Court. The United States requested that the court distribute the funds tendered in the condemnation proceeding pursuant to the earlier filed levy. On November 1, 1988, a hearing was held in state court on the United States' application for distribution. The Doniphan County District Court awarded to the United States the funds representing Tract Nos. 75 and 20.

■ In the instant motion, defendant contends that the plaintiff lacks standing to challenge the assessments made against Pottorf Farms, Inc. In addition, defendant argues that the levy issued on Pottorf Farms, Inc. was not wrongful because the United States had a superior property right to the proceeds of Tract No. 75. Defendant further argues that any claim that plaintiff had to the proceeds of Tract No. 20 is now moot because of the death of the plaintiff.

The first issue raised by the defendant is easily decided, but we are not certain that a decision is necessary. It does not appear that the plaintiff has raised the issue of the validity of the tax assessments against Pottorf Farms, Inc. in this case. Nevertheless, we shall briefly address the matter because the position taken by the defendant is obviously correct. Plaintiff does not have standing to challenge the merits of the underlying tax assessments. 26 U.S.C. § 7426(c). The underlying tax assessments are conclusively presumed to be valid. *Id.*

■ The next issue requires a more extended discussion. In this case, plaintiff claims she is entitled to a proportionate share of the Tract No. 75 proceeds based on her stock ownership in Pottorf Farms, Inc. She asserts that the levy upon the proceeds due Pottorf Farms, Inc. was wrongful because Pottorf Farms, Inc. was dissolved prior to the assessment and levy issued by the United States. She argues she is entitled to the proceeds from the

condemnation action because the assets of a dissolved corporation automatically pass through to the shareholders on a pro rata basis. The United States argues in its motion for summary judgment that the levy was proper because Pottorf Farms, Inc. was the owner of record at the time of the assessment and levy.

■ A federal tax lien may attach only to the property of the person liable to pay the tax. 26 U.S.C. § 6321. A federal tax lien is wholly a creature of federal law, and the consequences of the lien that attach to property interests are matters of federal law. *U.S. v. Wingfield*, 822 F.2d 1466, 1472 (10th Cir.1987). However, state law controls the determination of the legal interest a taxpayer has in the property because the federal law creates no property rights but merely attaches consequences to rights created under state law. *Id.* at 1473.

■ A third party has the right to bring an action against the United States when it is shown property was wrongfully seized pursuant to levy by the IRS. 26 U.S.C. § 7426. In order to prevail in an action for wrongful levy, the third party must show (1) an interest in or lien on the property in issue, and (2) a wrongful levy. *Flores v. United States*, 551 F.2d 1169, 1171 (9th Cir.1977). Whether a taxpayer has rights in property levied upon is a factual question which must be decided upon the unique facts of the particular case. *Id.* at 1172 n. 1. A levy is wrongful where the property levied upon "does not, in whole or in part, belong to the taxpayer against whom the levy originated." *Arth v. U.S.*, 735 F.2d 1190, 1193 (9th Cir.1984).

■ We are not convinced at this point that the United States is entitled to summary judgment on the plaintiff's wrongful levy claim on the proceeds of Tract No. 75. The United States, without citing any authority, relies solely on Pottorf Farms, Inc.'s naked title in the property in question. While this fact weighs heavily in favor of the United States, we are not sure based on the present arguments that it is determinative. Naked title alone will not

support a government seizure in the face of valid equitable interests determinable or appearing at the time on applicable registers. *CIM International v. U.S.*, 641 F.2d 671, 679 n. 15 (9th Cir.1980); *U.S. v. Johnson*, 200 F.Supp. 589 (N.D.Ariz.1961); *Hobson v. U.S.*, 168 F.Supp. 117 (E.D.Mich. 1958). The United States has not addressed the equitable arguments offered by the plaintiff except to note that they are without merit. The United States has made no attempt to demonstrate why the arguments offered by the plaintiff concerning the dissolution of Pottorf Farms, Inc. are erroneous. In sum, defendant's motion for summary judgment on the plaintiff's wrongful levy claim concerning Tract No. 75 must be denied.

The argument made by the United States concerning Tract No. 20 has merit. Margaret W. Pottorf and Floyd W. Pottorf owned Tract No. 20 as joint tenants with right of survivorship. Upon the death of plaintiff, her one-half interest in the condemnation proceeds passed to Floyd Pottorf. The lien which had been previously filed against Floyd Pottorf then attached to the award since a tax lien attaches not only to existing property, but also to property subsequently acquired. *Glass City Bank v. United States*, 326 U.S. 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945). Accordingly, the issue raised by the plaintiff in this action is now moot. The United States properly acquired the proceeds of Tract No. 20. The United States is entitled to summary judgment on plaintiff's wrongful levy claim on Tract No. 20.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment be hereby granted in part and denied in part as set forth in the foregoing memorandum.

IT IS SO ORDERED.